CHARLES D. HARVEY *et al. vs.* CHARLES P. CHAPMAN.

WASHINGTON—DECEMBER 21, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Assignment of Mortgages.   Equity Pleading and Practice.   Parties.*

The widow of a mortgagor who is entitled to dower in the mortgaged property may be regarded as an incumbrancer within the contemplation of Gen. Laws R. I. cap. 207, § 7.   So regarded, she is a sufficient party to

maintain a bill, under the provisions of said section, without the joinder of the remainder-men.

Affirming *Atwood* v. *Charlton,* 21 R. I. 568.

(2)  *Equity Pleading and Practice.*

An allegation in a bill brought to require the assignment of a mortgage under Gen. Laws R. I. cap. 207, § 7, that " the complainants tendered to the respondent the full amount due upon said note secured by said mortgage, to wit,   .   .   .   including interest to the date of said tender, to wit,   .   .   .   and tendered for his signature an assignment in proper form, duly stamped, and assumed the expense of making such an assignment and conveyance and obligated themselves to have the same recorded, and tendered the amount of money due for advertising said property at said mortgage sale up to the time of and including the date of said tender, to wit,   .   .   .   ," states a sufficient compliance with the provisions of the statute as to the expenses of transfer.

BILL IN EQUITY to compel the assignment of certain mortgages under Gen. Laws R. I. cap. 207, § 7.  The bill averred that " the complainants tendered to the respondent the full amount due upon said note secured by said mortgage, to wit,   .   .   .   including interest to the date of said tender, to wit,   .   .   .   and asked said   .   .   .   to assign said mortgage debt and property to   .   .   .   , and tendered to him for his signature an assignment in proper form, duly stamped, and assumed the expense of making such an assignment and conveyance, and obligated themselves to have the same recorded ; and also tendered to said respondent the amount of money due for advertising said property at said mortgage sale up to the time of and including the date of said tender, to wit,   .   .   ."  The respondent demurred, among other reasons, " because it does not appear that the complainants in their tender included any amount for the expenses of an attorney or of drawing the said advertisement of sale by the respondent, under the power of sale contained in said mortgage   .   .   .   , or tendered the full amount due."  Heard on demurrer, and demurrer overruled.

PER CURIAM.  This is a bill to compel the respondent to transfer a mortgage under Gen. Laws cap. 207, § 7, which is demurred to upon several grounds.

(1)       The first four grounds are, in substance, that it does not

appear that the complainants represent the whole interest of the mortgagor. The widow of the mortgagor is a complainant, and, under *Atwood* v. *Charlton*, 21 R. I. 568, she is a sufficient party to maintain the bill. It was held that the remainder-men were not necessary parties. The life-tenant was treated as an incumbrancer within the meaning of the statute.

In this case the widow has not a full life-interest, but we may assume that she is entitled to dower in the property. We think, therefore, that she may be regarded as an incumbrancer whose right is specially provided for in the statute.

(2)    The fifth ground is that the bill does not state a compliance with the provisions of the statute in regard to the expenses of transfer. We think the bill sufficiently covers this matter.

The demurrer to the bill is overruled.

*John W. Sweeney*, for complainants.

*Albert B. Crafts*, for respondent.